UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUY TRAN,

Petitioner,

v. Case No.: 2:26-cv-01987-SPC-KRH

DOMINGO STEWART *et al*,

Respondents,

______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Huy Tran's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Tran is a native of Vietnam who entered the United States on September 13, 1990, and became a lawful permanent resident. He was of several charges on June 2, 2016. An immigration judge ordered Tran removed on September 23, 2019, and the order became final when his appeal was dismissed on June 1, 2023. On March 6, 2026, local police arrested Tran for driving without a valid license, and Immigration and Customs Enforcement ("ICE") issued an immigration detainer. Tran was transferred to ICE custody on March 10, 2026. Tran argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Tran carried his

initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has not been able to deport him since his removal order became final in 2023, and it has identified no plan for removal to Vietnam or a third country. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Tran will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Tran's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Huy Tran's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Tran poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts. If ICE determines dangerousness justifies continued detention, the supplemental response must explain why.
3. Tran may file a reply within three days of the supplemental response.
4. Because ICE transferred Tran to a different detention facility and does not forward legal mail to detainees after transferring them, the government must certify it has served him with this order within three days.

**DONE AND ORDERED** in Fort Myers, Florida on September 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record